# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JULIE SOLOCHEK,**

        **Plaintiff,**

    v.                                Case No. 18-CV-993

**UNITED VAN LINES, LLC, et al.,**

        **Defendants.**

## ORDER

### INTRODUCTION

Plaintiff Julie Solochek filed this lawsuit against defendants United Van Lines, LLC, and Schroeder Moving Systems, Inc., alleging that the defendants lost her lithograph while moving her property from Wisconsin to Tennessee. (ECF No. 1-1.) Schroeder moves to be dismissed from this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 6.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 9, 12), and Schroeder's motion is ready for resolution.

### FACTS

The following facts are taken from the complaint. Solochek entered into a contract with the defendants to move personal belonging from her home in Milwaukee, Wisconsin to her second home in Nashville, Tennessee. (ECF No. 1-1, ¶ 4.) One of the

items being moved was a lithograph bearing the image of Mickey Mouse, which has an estimated value of $175,000. (*Id.*, ¶ 5.) Defendants allegedly lost the lithograph during the move. (*Id.*, ¶ 8.)

The contract between Solochek and the defendants provided for Full Replacement Value Protection of no less than $37,500 for lost or damaged property. (ECF No. 1-1, ¶ 7.) Solochek filed a claim for the lost lithograph, which was denied by the defendants. (*Id.*, ¶ 9.) She then instituted this action to recover from the defendants the value of the lithograph in an amount no less than $37,500. (*Id.*, ¶ 10.)

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

# ANALYSIS

As a preliminary matter, the court must decide whether it can consider nine pages that Schroeder attached to its motion to dismiss. As a general rule, a motion to dismiss must be based solely on the pleadings. *See* FRCP 12(d). However, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

The documents attached to Schroeder's motion to dismiss are not specifically referred to in Solochek's complaint. While the complaint alludes to a contract (*see* ECF No. 1, ¶¶ 4,7), it is unclear whether the pages attached to Schroeder's motion constitute the contract referenced in the complaint and, if so, who the parties to that contract are. Therefore, the court concludes that it would be improper to consider the pages attached to Schroeder's motion to dismiss.

Schroeder argues that "[t]o the extent that [Solochek] proves that she is entitled to damages for loss or damage to the shipment, only United could be liable for those damages, and not United's interstate agent." (ECF No. 7 at 6.) In support of its argument, Schroeder cites to 49 U.S.C. § 13907(a) and district courts that have held that agents of disclosed principals are not liable for damages arising under § 13907(a). (*Id.*)

49 U.S.C. § 13907(a) provides in relevant part:

> Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services … and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

While this statute clearly holds a carrier liable for the acts or omissions of any of its agents, it does not on its face simultaneously relieve the carrier's agents from liability. It is true that some courts have concluded that the agent of a disclosed carrier cannot be held liable pursuant to a duly issued bill of lading contract. *See, e.g., Werner v. Lawrence Transp. Sys., Inc.,* 52 F. Supp. 2d 567, 568-69 (E.D.N.C. 1998*); Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.* 750 F.2d 457, 458 (5th Cir. 1985). However, none of those decisions are from the Court of Appeals for the Seventh Circuit. The court is unable to find any decisions within the Seventh Circuit that have addressed whether an agent of a disclosed carrier is liable for damages arising from the transportation of household goods. And, as discussed above, nothing in the complaint allows the court to conclude that, in the transaction referenced in the complaint, Schroeder was acting as the agent for United as the carrier.

As such, the court is unable to conclude that Solochek has failed to state a claim upon which relief can be granted against Schroeder.

**IT IS THEREFORE ORDERED** that Schroeder's motion to dismiss (ECF No. 6) is **denied**.

Dated at Milwaukee, Wisconsin this 14th day of September, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge